# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| JULIANNA MESSNER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| EDISON HEALTHCARE, LLC, | § | No.  3:26-CV-00127-LS |
| EDISON HEALTH SOLUTIONS, LLC, | § | |
| SARAT C. KUNAPULI, D.O; | § | |
| ADVANCED ORTHOPEDICS OF | § | |
| OKLAHOMA, PLLC, OKLAHOMA | § | |
| SURGICAL HOSPITAL, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER DENYING MOTION TO REMAND

Plaintiff Julianna Messner moves to remand this case to state court, arguing that the Employee Retirement Income Security Act does not apply and therefore cannot confer jurisdiction over a federal question. But Defendants removed this case based on diversity, which existed upon removal and exists now. Plaintiff's first amended complaint,[1] proposed second amended complaint,[2] and joint response to the jurisdictional question in the parties' Rule 26(f) report all describe the Court's diversity jurisdiction.[3] The thirty-day period to object to removal for any reason other than subject-matter jurisdiction has also long since elapsed.[4] Plaintiff has therefore failed to present any grounds for remand, and the Court **DENIES** the motion [ECF No. 35].

**SO ORDERED**.

---

[1] *See* ECF No. 8 at 1–2.
[2] *See* ECF No. 37-1 at 1–2.
[3] *See* ECF No. 15-2 at 3–4.
[4] 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . .").

**SIGNED** and **ENTERED** on July 8, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**